CSD 1161 [07/01/18]
Name, Address, Telephone No. & I.D. No.
Eugenio Ramos, CASBN 261964
2424 Hoover Ave, Suite G
National City, CA 91950
619-477-7600

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
Maria Rivera
                                                Debtor.

BANKRUPTCY NO. 18-06790-LT7

Wells Fargo Bank N.A., As Trustee for Structured Adjustable Rate Mortgage Loan Trust, Et Al
                                                Moving Party

RS NO. JDS-1

Maria Rivera, Debtor, Gerald H. Davis, Chapter 7 Trustee
                                                Respondent(s)

Hearing Date:  1/03/2019
Hearing Time:  2:00 p.m.

**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**
☑ REAL PROPERTY      ☐ PERSONAL PROPERTY

Respondent in the above-captioned matter moves this Court for an Order denying relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☑ 7  ☐ 11  ☐ 12  ☐ 13 was filed on ___11/13/2018___.

2. Procedural Status:
   a. ☑ Name of Trustee Appointed *(if any)*: Gerald H. Davis
   b. ☐ Name of Attorney of Record for Trustee *(if any)*:
   c. ☐ Debtor has previously filed a Bankruptcy Petition on: _____.
      If applicable, the prior case was dismissed on: _____.
   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

3. *Number of unsecured creditors __8__. Amount of unsecured debt $__26,893.00__.

4. *Last operating report filed: ___n/a___

5. *Disclosure statement: Filed? (yes/no)__n/a__. Approved? (yes/no) __n/a__.
   If yes, date of plan confirmation hearing: __n/a__

*Only required if respondent is the debtor in a Chapter 11 case.

CSD 1161

CSD 1161 (Page 2) [07/01/18]

Respondent alleges the following in opposition to the Motion:

1. ☑ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

   868 Rosa Court, Escondido, CA 92027

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   Single Family Residence

   c. Legal description of property is attached as Exhibit A.
   d. **Fair market value of property: $ 550,000.00
   e. **Nature of Respondent's interest in the property:  Fee Simple Owner

2. ☐ The following personal property is the subject of this Motion (describe property):

   a. **Fair market value of property: $_____
   b. **Nature of Respondent's interest in the property:  unknown/appears to be purchaser

3. Status of Movant's loan:
   a. Balance owing on date of Order for Relief:     $         564,136.17
   b. Amount of monthly payment:                     $              0.00
   c. Date of last payment:                          unknown
   d. If real property,
      (1) Date of default:                           unknown
      (2) Notice of Default recorded on:             unknown
      (3) Notice of Sale published on:               unknown
      (4) Foreclosure sale currently scheduled for:
   e. If personal property,
      (1) Pre-petition default:   $_____        No. of months:_____
      (2) Post-petition default:  $_____        No. of months:_____

4. (If Chapter 13 Case, state the following:)
   a. Date of post-petition default:                 unknown
   b. Amount of post-petition default:               $_____

5. Encumbrances:
   a. Voluntary encumbrances on the property:

| Lender Name | Principal Balance | Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Wells Fargo Bank | 564,017.17 | | 0 | | 0 |
| 2nd: | 0.00 | | 0 | | 0 |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 564,017.17 | $ 0.00 | | $ 0.00 | |

**Separately filed Declaration required by LBR 4001-4.

CSD 1161

CSD 1161 (Page 3) [07/01/18]

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens):
        ☐ See attached page, if necessary.

6. Relief from the automatic stay should not be granted because:
    a.  ☑ Movant's interest in the property described above is adequately protected.

    b.  ☐ Debtor has equity in the property described above and such property is necessary to an effective reorganization.

    c.  ☐ The property is not "single asset real estate", as defined in 11 U.S.C. § 101(51B).

    d.  ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and less than 90 days (or _____ days ordered by this court) have passed since entry of the order for relief in this case, or

        (1) the Debtor/Trustee has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

        (2) the Debtor/Trustee has commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien) which payments are equal to interest at a current fair market rate on the value of each creditors' interest in the property.

    e.  ☑ Other (specifiy): ☐ See attached page.

The Debtor has a pending Short Sale/Loss Mitigation with the Movant. The Debtor primarily opposes the 14 day waiver of the stay and any request to waive lodgement of order.

When required, Respondent has filed a separate Declaration pursuant to LBR 4001-4.

Respondent attaches the following:

1. ☑ Other relevant evidence:

   Debtor Declaration

2. ☑ (Optional) Memorandum of points and authorities upon which the responding party will rely.

   See Attachment

**Wherefore**, Respondent prays that this Court issue an Order denying relief from the automatic stay.

Dated: 12/17/2018

                                      /s/ Eugenio Ramos
                                      [Attorney for] Respondent

CSD 1161

Eugenio Ramos, CASBN 261964
2424 Hoover Ave, Suite G
National City, CA 91950
Office (619) 477-7600
Fax (760) 494-5316
ramoslawyer@aol.com

Attorney for the Debtor(s),

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In Re:

Maria Rivera

Debtor(s),

**CASE NO. 18-06790-LT7**

Attachment CSD 1161

In Support of Opposition To Motion For Relief From Automatic Stay

Date:   1/03/2019
Time:   2:00 p.m.
Dept.:  3
Judge:  Hon. Laura S. Taylor

---

Continuation from Page 3 of CSD 1161

The Debtor hereby opposes all relief requested in the Movant's Motion for Relief from Automatic Stay.

Debtor is in the process of seeking a short sale and other loss mitigation options including loan modification. The Debtor shall update the Court regarding any acceptance regarding any loss mitigation options by the Movant. The Debtor concedes that she is not current on her monthly payments. The Debtor has not filed bankruptcy in the past eight years. The Debtor does not agree with the waiver of the 14 day stay waiver under Bankruptcy Rule 4001(a)(3). The Movant has failed to show it should be entitled to this relief.

## CONCLUSION

1. The Court deny the Motion,

2. The Debtor also opposes the waiver of the fourteen day requirement of Federal Rules of Bankruptcy Procedure as the Creditor has failed to specifically plead either factually or legally why this requirement should be waived. The Debtor preserves this right for due process reasons.

3.) The Debtor also opposes any Movant's request to waive the "Notice of Lodgement of Order" as the Movant has failed to plead any reason either in fact or law why this requirement should be waived.   The Debtor wishes to preserve her due process rights to review the form and contents of any order.

12/17/2018

Respectfully Submitted,


/s/ Eugenio Ramos, Esq.

Eugenio Ramos, Esq.

Eugenio Ramos, CASBN 261964
2424 Hoover Ave, Suite G
National City, CA 91950
Office (619) 477-7600
Fax (760) 494-5316
ramoslawyer@aol.com

Attorney for the Debtor,

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In Re:

Maria Rivera

Debtor,

**CASE NO. 18-06790-LT7**

Declaration In Support of Opposition To Motion For Relief From Automatic Stay

Date:    1/03/2019
Time:    2:00 p.m.
Dept.:    3
Judge:   Hon. Laura S. Taylor

I am the Debtor in the aforementioned case, I am over the age of eighteen years old, I have personal knowledge of the facts mentioned thereon and if called to testify I will testify as follows:

1.) I filed chapter 7 bankruptcy on November 13, 2018 under case number 18-06790-LT7. At the time of filing, I owed approximately $26,893 to eight different unsecured creditors. I filed bankruptcy with the intention of discharging my unsecured debt.

2.) I filed a Chapter 7 bankruptcy on November 1, 2010 under case 10-19579 in the Southern District of California. I did not receive a discharge in this case. The case was dismissed for failure to file information. I have filed no other bankruptcies in the past eight years.

Declaration

3.) I am the owner of the real property located on "868 Rosa Court, Escondido, CA 92027" of which I have a first deed of trust held by Wells Fargo Bank N.A., As Trustee for the affected lien holder. The aforementioned residence is my homestead and primary residence. I believed the value of the residence at the time of the filing of the bankruptcy was approximately $550,000. There is at least $550,000 owed to Wells Fargo Bank N.A. plus arrearages.

4.) At the time of filing, I was not current on the payments to Wells Fargo Bank N.A. There was a pending foreclosure sale that was stopped with the filing of the bankruptcy.

5.) Prior to filing the bankruptcy I attempted a loan modification which was denied by the Movant. I was unable to submit a timely request for a short sale prior to the foreclosure sale date. At the present time I have asked the Movant for permission to do a short sale on the aforementioned residence. I have a realtor presently working on the short sale. I believe I can update the Court by the hearing date regarding the status of the short sale as well as file any motion to sell if an offer is received. I am also reviewing other loss mitigation options that may be available.

6.) In reviewing the Movant's motion I respectfully oppose the Movant's request to waive the fourteen day stay requirement under Bankruptcy Rule 4001(a)(3). I have not filed bankruptcy in the past eight years. I do not see any just cause for the Court to waive this procedural rule. I also oppose any request to waive any lodgment of order so I can review the form and content of any relief from stay order.

7.) I respectfully request the Court to deny the Movant's request for relief from stay as presented in the Movant's Motion for Relief From Automatic Stay.

I hereby certify under penalty of perjury under the laws of the United States of America that the aforementioned to true and correct to the best of my knowledge.

12/17/2018


/s/ Maria Rivera

Maria Rivera

Declaration